*DELANCY vs. BEALE.*

The district court cannot act on claims against a succession.

In 1819, Thomas Beale, sen. conveyed all his property, by notarial acts, to his natural son Thomas Beale, jr., for one hundred and twenty-four thousand dollars, for which he took his notes, with reservation of mortgage. Shortly after, Beale, sen. died intestate, leaving a widow and minor children, but no proceedings in the probate court where had upon his estate. Beale, jr. resided with his father until his death, and afterwards possessed and controlled the property until *he* died in 1823. The estate was inventoried and sold as that of Beale, jr. Mrs. Beale, the widow of Beale, sen. bought in a large portion of it, and gave her notes with mortgage, according to the condi-

tion of the sale. Upon the filing a tableau of distribution by the curator of Beale, jr. she appeared in her own behalf, as partner in community, and as tutrix of her children, and claimed to be placed on the tableau as a privileged creditor under the sales of 1819, of the father to the son. This was opposed by the natural mother (the plaintiff in this cause) a s benificiary heir, and also by the creditors of Beale, jr., upon the ground that the sales of 1819 were simulated and void, as made by the father to his natural son, for the purpose of proteeting his property from the reach of creditors. These sales were accordingly declared null, and the property sold by these acts of 1819, was ordered to be restored to the widow and heirs of Beale, sen., to be administered according to law.

The present action was instituted upon the notes given by Mrs. Beale, for property purchased at the sale of Beale, jr's. estate. A want of consideration was pleaded, and after judgment for the defendant, the plaintiff appealed.

*M' Caleb*, for appellant.

*Seghers*, for appellee,

MARTIN, J. delivered the opinion of the court. The plaintiff, beneficiary heir of Tho-

DELANCY
*vs.*
BEALE.

mas Beale, jr., brought suit on sundry notes of the defendant, given for property purchased at the sale of the estate.

The answer sets forth that the consideration of the notes has failed, the property purchased having been declared to have been acquired under a simulated sale, which has been judicially set aside. There was a prayer for the cancelling of the notes.

There was judgment for the defendant, and the plaintiff appealed.

The record shows that the facts stated in the answer are true: but the appellee has urged that the estate of his son has large claims on those of his father, the defendant's husband, for improvements on the premises, large advances and long services.

Admitting this to be true, these claims are to be preferred against the defendant and the heirs of her husband; the district court could not have acted on them in the present suit.

The district court cannot act on claims against a succession.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.